**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Hardee, Bey doing business as | ) | |
| HARDEE, BENJAMIN O'NEIL corporate | ) | |
| sole doing business as BENJAMIN | ) | |
| HARDEE doing business as BEN EL BEY | ) | |
|      Counterclaimant, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 1:17-cv-03686-ELR |
| STATE OF GEORGIA, BRIAN KEMP, | ) | |
| ATLANTA MUNICIPAL COURT, RYAN | ) | |
| SHEPHERD, RAINES CARTER, FULTON | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| THEORDORE JACKSON, JAMES | ) | |
| BULLOCK, BADGE NO. 0884 | ) | |
|      Defendants. | ) | |

## CITY DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

**COME NOW** Defendants Atlanta Municipal Court ("Court"), former Atlanta Municipal Court Clerk Administrator Ryan Shepherd ("Shepherd"), and Atlanta City Solicitor Raines Carter ("Carter") (the "Individual Defendants") (collectively "City Defendants") and, by and through their undersigned attorneys, file this Motion to Dismiss and Incorporated Memorandum of Law pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons stated within, the City Defendants respectfully move this Court, to dismiss Plaintiff's Complaint ("*Complaint*") with prejudice.

1

## INTRODUCTION

Plaintiff Benjamin Hardee (referring to himself as "Bey Hardee, Benjamin O'Neil Hardee, and/or Bey El Bey) (henceforth "Plaintiff") brings the present suit against the City Defendants following the receipt of a traffic citation for speeding, his subjection to field sobriety tests during that traffic stop, and the temporary confiscation of his "foreign driver's license."

Proceeding *pro se*, Plaintiff has filed this claim against eight defendants, challenging the exercise of authority by the State of Georgia, Secretary of State, Atlanta Municipal Court, administrative officials, Sheriff's Department, the Fulton County Sheriff, and a Sheriff's deputy, as participants in the aforementioned traffic stop and resulting citation. The basis of Plaintiff's allegations appears to be grounded in "sovereign citizen" philosophy which involves a wholesale rejection of the validity of the legal system.[1] Not a single allegation in Plaintiff's complaint provides a basis to maintain a suit against any of the City Defendants and this Complaint must be dismissed.

---

[1] See, generally *U.S. v. Sterling*, 738 F.3d 228 (noting that noting that so-called "sovereign citizens" are individuals who believe they are not subject to courts' jurisdiction and that courts have summarily rejected their legal theories as frivolous).

## FACTS AND PROCEDURAL HISTORY

Plaintiff styles his pleading[2] a (herein referred to as the "Complaint") as a "Counterclaim for Trespass and Trespass on the Case, and Violation of Oath of Office" in which Plaintiff is "Counterclaimant" to some previous action against him.[3] However, the docket of the instant action reveals no such primary action by any of the named Defendants against the Plaintiff Benjamin O'Neil Hardee or any of his named aliases. Plaintiff has expressly alleged (only in the title of the document) the following counts:

- "Trespass"
- "Trespass On The Case"
- "Violation Of Oath Of Office"[4]

Plaintiff claims each of the defendants "violated his oath of office,"[5] "violated their oath of office when they exceeded his jurisdiction and participated in attempting to extort funds from counterclaimant Hardee Bey,"[6] "violated their oath of office when they operated under color of law to perpetrate said attempted extortion,"[7]

---

[2] City Defendants maintain that Plaintiff did not properly serve his Complaint and Summonses in accordance with Fed. R. Civ. P. 4(h)(1)(B) or in accordance with O.C.G.A. § 9-11-4(e)(5).

[3] *See generally*, Complaint.

[4] *See generally*, Complaint.

[5] *Complaint* at ¶ Introduction 2.

[6] *Complaint* at ¶ 1.

[7] *Complaint* at ¶ 2.

"worked in unison to hinder the free right of travel of counterclaimant Hardee Bey under color of law,"[8] "exceeded his jurisdiction under color of law,"[9] "acted in concert with the remaining counterdefendants to effect the unlawful loss of liberty of counterclaimant,"[10] "acted in such a way, or failed to act in such a way, that counterclaimant has been deprived of his liberty, reputation, and right to free locomotion,"[11] and "referred to counterclaimant as 'Violator' on a citation."[12]

**August 15, 2017 Traffic Stop**

Plaintiff was pulled over by Sherriff Deputy James Bullock on August 15, 2017, and cited for the offense of Speeding (in violation of O.C.G.A. § 40-6-181).[13] During the stop, Deputy Bullock administered field sobriety tests to Plaintiff.[14] Officer Bullock confiscated Plaintiff's "foreign license" and it was returned to Plaintiff the following week.[15]

### III. ARGUMENT AND CITATIONS OF AUTHORITY

**A. Standard of Review**

---

[8] *Complaint* at ¶ 3.
[9] *Complaint* at ¶ 5.
[10] *Complaint* at ¶ 5.
[11] *Complaint* at ¶ 6.
[12] *Complaint* at ¶ 7.
[13] *Complaint* at ¶ 12 and attached Exhibit.
[14] *Complaint* at ¶ 12 and attached Exhibit.
[15] *Complaint* at ¶ 12.

### 1. Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted and no construction of the factual allegations will support the cause of action.[16] When evaluating a motion to dismiss, courts apply the *Twombly/Iqbal* plausibility standard.[17] The plausibility standard requires the court to accept plaintiff's allegations as true and construe the complaint in their favor.[18]

A motion to dismiss for failure to state a claim should be granted where a complaint does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory".[19] The Plaintiff has an "obligation to provide the grounds of his entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of

---

[16] Fed. R. Civ. P. 12(b)(6); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

[17] *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam).

[18] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993); *Tapsoba v. Khiani Alpharetta, LLC*, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013). See also, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (second alteration in original) (citations and internal marks omitted)).

[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

the elements of a cause of action will not do."[20] "The factual allegations must be enough to raise a right to relief above the speculative level" and the plain statement must "possess enough heft to show that the pleader is entitled to relief."[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.[23]

While pro se pleadings are liberally construed, a pro se action should be dismissed if, after careful consideration, the court concludes that the allegations of the complaint disclose that no cognizable claim can be stated and that amendment would be futile.[24]

## 2. Federal Rule of Civil Procedure 8.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief…".[25]

---

[20] *Id*. At 555.
[21] *Id*. At 555-557.
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).
[23] *Id*. At 679.
[24] *Cato v. United States*, 70 F.3d 1103, 1196 (9th Cir. 1995).
[25] Fed. R. Civ. P. 8(a)(2).

Though there is no required technical form, "each allegation must be simple, concise, and direct."[26] Each separate claim is thus required to be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances."[27] In doing so, the plaintiff must set forth their claim to ensure that the defendants know which allegations of fact are intended to support which claim(s) for relief.[28] If a complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" it must be dismissed.[29]

## B. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.

Under the most liberal construction of the pleading, Defendants can identify no cause of action that could be supported by Plaintiff's averments. Plaintiff's Complaint is rife with conclusory language that is nonsensical. Those allegations must be ignored because they lack the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[26] *Id.* at 8(d)(1).

[27] Fed. R. Civ. P. 10(b); *see Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996).

[28] *Id.*

[29] *Christ Tavantzis & Christrikes Custom Motorcycles, Inc., Plaintiffs, v. American Choppers, et al.,* 2015 WL 6736753, at *2 (M.D. Fla. Nov. 4, 2015).

alleged."[30] When reviewing the factual content in the Complaint, it is clear that Plaintiff has failed to state a claim against any of the Defendants because he essentially alleges that they all acted in accordance with the law, of which he does not approve. This does not state a claim under any Federal or State theory of recovery upon which relief can be granted.

### 1.  Ryan Shepherd

Plaintiff makes no specific claims against Ryan Shepherd, in an individual or official capacity, and does not mention Shepherd in his Complaint outside of the description of the parties.[31] Nothing in the Complaint supports a claim against Shepherd.

### 2. Raines Carter

Plaintiff makes no specific claims against Raines Carter, in an individual or official capacity, and does not mention Carter in his Complaint outside of the description of the parties.[32] Nothing in the Complaint supports a claim against Carter.

---

[30] *Wag More Dogs, LLC, v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[31] *Id.*
[32] *Id.*

## B. Plaintiff's Complaint does not satisfy Rule 8.

Plaintiff's Complaint contains no such jurisdictional statement as required by Rule 8.[33] Plaintiff instead opens his Complaint with an "Introduction" section outlining various sections of the "1877 Georgia Constitution" without an explanation of how those sections pertain to the current case.[34] Plaintiff goes on to cite two federal criminal statutes without explanation of how those statutes relate to a civil matter generally, or the current case specifically.[35] The failure to include a plain jurisdictional statement is grounds for dismissal under Rule 8.

Plaintiff's Complaint lacks a short and plain statement showing the pleader is entitled to relief from any of the City Defendants.[36] Plaintiff names the City Defendants as defendants in the suit and describes them generally as parties, but he does not mention any of them again specifically.[37] Instead, when referring to all defendants, Plaintiff uses the general phrase "each counterdefendant" [sic] when presumably making allegations against all defendants.[38] This form of pleading makes it impossible to ascertain which alleged facts support Plaintiff's claim for

---

[33] *See generally*, Complaint.
[34] *Id.*
[35] Complaint at ¶¶ 38 & 39.
[36] *See generally*, Complaint.
[37] *See generally*, Complaint.
[38] *See generally*, Complaint.

each alleged "cause of action." Additionally, it is impossible to determine which
defendant committed any or all of the alleged acts or to determine if the each
"cause of action" is brought against an Individual Defendant in his individual
capacity or his official capacity. This failure is grounds for dismissal under Rule 8.

**C. Atlanta Municipal Court is not a Legal Entity Capable of Being Sued.**

Plaintiff's case must be dismissed against Atlanta Municipal Court as it is
not a legal entity capable of being sued. "In every suit there must be a legal entity
as the real plaintiff and the real defendant."[39] Georgia recognizes only three
classes of legal entities that can serve as party defendants: (1) natural persons; (2)
artificial persons (i.e. corporations); and (3) such quasi-artificial persons as the law
recognizes as being capable to sue.[40] While a municipal corporation like the City
of Atlanta is a legal entity that can sue and be sued, a *department* of a municipal
corporation is not a legal entity, and, consequently, it cannot be sued. On this
point, *Brownlee v. Dalton Board of Water, Light & Sinking Fund Commissioners,*
is controlling.[41] In *Brownlee,* the plaintiff, a customer of the City of Dalton's
utility services, brought suit for damages after the customer's water and electricity

---

[39] *Cravey v. Southeastern Underwriters Ass'n,* 214 Ga. 450, 453 (1958).
[40] *Ga. Insurers Insolvency Pool v. Elbert County,* 258 Ga. 317, 318 (1988) (quoting *Cravey*).
[41] 59 Ga. App. 538 (1939).

were cut off.[42] The customer named the City of Dalton's Board of Water, Light and Sinking Fund Commissioners are the party defendants.[43] In affirming the trial court's order sustaining a demurrer to the customer's suit, the Court of Appeals held:

> A department of a city government, created by the city's charter, and which is authorized to discharge duties primarily resting upon a municipality, is an agency or instrumentality of the city government for the performance, for the municipality, of the duties imposed upon it. Such department is not a separate and distinct corporate entity which is subject to suit for its failure to perform, or for the violation of, any duty resting upon it unless it is so created by clear legislative intent…

> Where the "Board of Water, Light & Sinking Fund Commissioners" of the City of Dalton is created by an act of the state legislature amendatory of the charter of the City of Dalton, not as a separate and distinct corporate entity with the power to sue and be sued, but with powers conferred upon it to control the public utilities of the City of Dalton, . . .the "Board of Water, Light & Sinking Fund Commissioners" is an agency or instrumentality of the City of Dalton, a municipality, and in the performance of the powers and duties conferred, acts as the agency or instrumentality of the City of Dalton. . . Such board is not a separate and distinct corporate entity from the city, and is not subject to suit by any one for damages sustained from any act of the board in the performance of the duties or powers conferred upon it.

The rule set forth in *Brownlee* - that city departments are not legal entities and therefore cannot be sued - has been dutifully recognized and applied by Georgia courts, and by federal courts called upon to apply Georgia law for 70

---

[42] *Id.* at 539-540.
[43] *Id.*

11

years.[44] Because the Atlanta Municipal Court is an agency and instrumentality of the City of Atlanta, rather than an independent legal entity, it cannot be sued. Accordingly, any of Plaintiff's claims against the Atlanta Municipal Court must be dismissed.

## CONCLUSION

WHEREFORE, Defendants respectfully submit that the Complaint should be dismissed in its entirety, with prejudice.

---

[44] *See, e.g., Buford v. City of Atlanta,* No.1:06-CV-3089, 2007 WL 1341115 at *2 (N.D. Ga. Apr. 30, 2007) (holding that the City of Atlanta's Fire Department "is a party of the City of Atlanta through which the City carries out certain functions, but it is not a legal entity"); *Shelby v. City of Atlanta,* 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that the City of Atlanta's Police Department "is an integral part of the City of Atlanta government and is merely the vehicle through which the City government fulfills its policing function. . . [and] [f]or this reason the Department is not an entity subject to suit"); *see also Clark v. Fitzgerald Water, Light & Bond Comm'n,* 284 Ga. 12, 12, 14 (2008) (holding that the City of Fitzgerald created to manage the City's water and electric needs," and therefore was not an "independent legal entity capable of suing"); *Verner v. Bd. of Educ. of Haralson County,* 203 Ga. 521, 521 (1948) (holding that the Haralson County Board of Education "is not a natural person, a partnership, or a body corporate with authority to sue or be sued," and therefore could not be a plaintiff); *Mayor & Alderman of City of Savannah v. Harvey,* 87 Ga. App. 122, 124-25 (1952) (observing that the Park and Tree Commission of the City of Savannah was not a separate corporate entity with the power to sue and be sued, but rather was "an administrative agency through which the municipality may carry out [certain] functions").

Respectfully submitted, 18th day of October, 2017.

/s/ Reginald B. McClendon
**REGINALD B. MCCLENDON**
Assistant City Attorney
Georgia Bar No. 154793
rbmcclendon@atlantaga.gov
(404) 546-4184 direct dial
(404) 979-7778 facsimile
**AMBER A. ROBINSON**
Sr. Assistant City Attorney
Georgia Bar No. 141660
arobinson@atlantaga.gov
(404) 546-4167 direct dial
(404) 494-1646 facsimile


Attorneys for Defendants Atlanta Municipal
Court, Ryan Shepherd, and Raines Carter

City of Atlanta Law Department
55 Trinity Avenue SW Suite 5000
Atlanta, GA  30303-3520
(404) 546-4100 direct dial

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Hardee, Bey doing business as　　　　　　)
HARDEE, BENJAMIN O'NEIL corporate　)
sole doing business as BENJAMIN　　　　)
HARDEE doing business as BEN EL BEY　)
　　　Counterclaimant,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)　　　CIVIL ACTION NO.:
　　　　　　　　　　　　　　　　　　　　)　　　1:17-cv-03686-ELR
STATE OF GEORGIA, BRIAN KEMP,　　)
ATLANTA MUNICIPAL COURT, RYAN　)
SHEPHERD, RAINES CARTER, FULTON)
COUNTY SHERIFF'S OFFICE,　　　　　　)
THEORDORE JACKSON, JAMES　　　　　)
BULLOCK, BADGE NO. 0884　　　　　　　)
　　　Defendants.　　　　　　　　　　　　)

## <u>CERTIFICATION</u>

Counsel for City Defendants certifies that this brief has been prepared with

Times New Roman font, 14 point, and therefore it complies with the requirements

of L.R. 5.1(C).

Respectfully submitted, 18th day of October, 2017.

　　　　　　　　　　　　　*/s/ Reginald B. McClendon*
　　　　　　　　　　　　　**REGINALD B. MCCLENDON**
　　　　　　　　　　　　　Assistant City Attorney
　　　　　　　　　　　　　Georgia Bar No. 154793
　　　　　　　　　　　　　rbmcclendon@atlantaga.gov
　　　　　　　　　　　　　(404) 546-4184 *direct dial*
　　　　　　　　　　　　　(404) 979-7778 *facsimile*

**AMBER A. ROBINSON**
Sr. Assistant City Attorney
Georgia Bar No. 141660
arobinson@atlantaga.gov
(404) 546-4167 *direct dial*
(404) 494-1646 *facsimile*

Attorneys for Defendants Atlanta Municipal
Court, Ryan Shepherd, and Raines Carter

City of Atlanta Law Department
55 Trinity Avenue SW Suite 5000
Atlanta, GA  30303-3520
(404) 546-4100 *direct dial*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Hardee, Bey doing business as )
HARDEE, BENJAMIN O'NEIL corporate )
sole doing business as BENJAMIN )
HARDEE doing business as BEN EL BEY )
  Counterclaimant, )
   )
vs. )  CIVIL ACTION NO.:
   )  1:17-cv-03686-ELR
STATE OF GEORGIA, BRIAN KEMP, )
ATLANTA MUNICIPAL COURT, RYAN )
SHEPHERD, RAINES CARTER, FULTON )
COUNTY SHERIFF'S OFFICE, )
THEORDORE JACKSON, JAMES )
BULLOCK, BADGE NO. 0884 )
  Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2017, I electronically filed the forgoing

Motion with the Clerk of Court using the CM/ECF system with service on all

attorneys of record electronically. Additionally, I hereby certify that I sent a copy of

the foregoing Motion to Plaintiff at:

Hardee Bey
964 Ralph David Abernathy Boulevard
Atlanta, Georgia 30310

*/s/ Reginald B. McClendon*
**REGINALD B. MCCLENDON**

Assistant City Attorney
Georgia Bar No. 154793
rbmcclendon@atlantaga.gov
(404) 546-4184 *direct dial*
(404) 979-7778 *facsimile*
**AMBER A. ROBINSON**
Sr. Assistant City Attorney
Georgia Bar No. 141660
arobinson@atlantaga.gov
(404) 546-4167 *direct dial*
(404) 494-1646 *facsimile*

Attorneys for Defendants Atlanta Municipal
Court, Ryan Shepherd, and Raines Carter

City of Atlanta Law Department
55 Trinity Avenue SW Suite 5000
Atlanta, GA  30303-3520
(404) 546-4100 *direct dial*