IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HARDEE BEY** *doing business as* **Benjamin O'Neil Hardee** *doing business as* **Ben El Bey** : : : : **Plaintiff** : : v. : : **STATE OF GEORGIA, BRIAN KEMP, ATLANTA MUNICIPAL COURT, RYAN SHEPARD, RAINES CARTER FULTON COUNTY SHERIFF'S OFFICE, THEODORE JACKSON, and JAMES BULLOCK** : : : : : : : **Defendants** : | CIVIL ACTION NO. 1:17-CV-03686 |

### DEFENDANTS FULTON COUNTY SHERIFF'S OFFICE'S AND THEODORE JACKSON'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Bey Hardee has brought this lawsuit against a variety of local, state, and municipal persons and entities ostensibly for "trespass and trespass on the case." *See* Plaintiff's Complaint, ¶ 1. Defendants Fulton County Sheriff's Office and Theodore Jackson in his official and individual capacity ("Defendants"), have scoured Plaintiff's Complaint in search of a claim upon which any relief could be

Page **1** of **9**

granted against them as required by Fed. R. Civ. P. 12(b)(6).[1] However, neither Defendants, nor their counsel, have found such a claim, and therefore Defendants must be dismissed from this proceeding with prejudice.

## PRELIMINARY STATEMENT

After a thorough sifting of Plaintiff's Complaint, Defendants can only surmise that Plaintiff is asserting a claim related to a traffic stop which occurred on or about August 15, 2017. *See* Plaintiff's Complaint, ¶ 12. This traffic stop appears be associated with a traffic citation identified and attached to Plaintiff's Complaint. *See* Citation E0261084 dated August 13, 2017 and attached to Plaintiff's Complaint as "Exhibit A." Plaintiff identifies Defendants Fulton County Sheriff's Office and Theodore Jackson in his individual and official capacities but does not mention either party during his litany. He also does not assert that either was involved in this traffic stop. Thus, there is simply nothing in the Complaint to identify a claim against them. Accordingly, both the Fulton County Sheriff's Office and Theodore Jackson should be dismissed from this litigation.

---

[1] In addition, Defendants have sought, without success, to explain this Court's subject matter jurisdiction as required by Fed. R. Civ. P. 12(b)(1). As Plaintiff stated in his Complaint, "'[Where there is no jurisdiction over the subject matter,] …. there is, as well, no discretion to ignore that lack of jurisdiction.' Joyce v. US, 474 F2d 215 [219 (3rd Cir. 1973)]."

## LEGAL STANDARD

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  *See* Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb Cty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  However, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level," *i.e.*, they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'"  Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (citing Bell Atlantic Corp., 550 U.S. 544).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555. In the same vein, a complaint may not rest on "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (internal quotation omitted). When considering motions to dismiss, the Court must: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010); *also* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) ("conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

"Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) *citing* Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("Dismissal is appropriate...when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."); *see also* Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th

Cir. 2006); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

## ARGUMENT AND CITATION OF AUTHORITY

Simply put, Plaintiff fails to state any claim against either the Fulton County Sheriff's Office or Theodore Jackson. While the Complaint is captioned as an "Action for Trespass," this is not a viable claim because Plaintiff has not articulated any allegations supporting that cause of action.[2] Beyond the caption of the complaint and the introduction identifying the parties, Plaintiff does not even mention the Fulton County Sheriff's Office or Theodore Jackson anywhere else in the complaint.

Plaintiff has failed to satisfy the requirements of Federal Rule 8. Even giving Plaintiff the benefit of all doubt, Defendants simply cannot fathom what claim he

---

[2] To the extent that Plaintiff is bringing a state law claim against the Fulton County Sheriff's Office or Theodore Jackson in his official capacity, those entities are the same and are immune from suit. *See* Ga. Const. Art. I, § 2, ¶ 9(d); Seay v. Cleveland, 270 Ga. 64, 65, 508 S.E.2d 159, 160-61 (1998). If Plaintiff's claims against Jackson in his individual capacity stem from state law, then official immunity protects him from suit. Cameron v. Lang, 274 Ga. 122, 123, 549 S.E.2d 341, 344 (2001). Further, to the extent that the claims against the Sheriff in his individual capacity can be articulated as federal law claims, he is protected by qualified immunity from suits for money damages. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005); Rivas v. Freeman, 940 F.2d 1491, 1494-95 (11th Cir. 1991).

is attempting to bring against them.[3] If Plaintiff's claim relates to the citation received in August 2017, then whatever alleged transgression occurred was undertaken by another defendant not associated with the Fulton County Sheriff's Office or Theodore Jackson.[4] There are simply no facts, or even accusations upon which relief could be granted against these Defendants. The Court should dismiss the Fulton County Sheriff's Office and Theodore Jackson from this action.

## CONCLUSION

For the aforementioned reasons, Defendants Fulton County Sheriff's Office and Theodore Jackson in his individual and official capacities should be dismissed from this lawsuit because Plaintiff has failed to state a claim for relief against them.

This 18th day of October, 2017.

Respectfully submitted,

**OFFICE OF THE FULTON COUNTY ATTORNEY**

---

[3] Defendants acknowledge that "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). Even so, "wildly implausible allegations in the complaint should not be taken to be true." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

[4] It appears from Exhibit A that the person involved in the incident with Plaintiff may have been a Georgia State Patrol Officer, but without assertions by Plaintiff or admissions by the individual, these Defendants are unsure of the individual's affiliation except to the extent that Defendants can definitively state that this individual is not affiliated with the Fulton County Sheriff's Office.

        Patrise Perkins-Hooker
        County Attorney
        Georgia Bar No. 572358

        Kaye W. Burwell
        Georgia Bar No. 775060

        Ashley Palmer
        Georgia Bar No. 603514

        ***/s/ Jonathan Loegel***
        Jonathan D. Loegel
        Georgia Bar No. 755706

141 Pryor Street S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HARDEE BEY** *doing business as* **Benjamin O'Neil Hardee** *doing business as* **Ben El Bey** | |
| **Plaintiff** | |
| | **CIVIL ACTION NO.** |
| v. | |
| | **1:17-CV-03686** |
| **STATE OF GEORGIA, BRIAN KEMP, ATLANTA MUNICIPAL COURT, RYAN SHEPARD, RAINES CARTER FULTON COUNTY SHERIFF'S OFFICE, THEODORE JACKSON, and JAMES BULLOCK** | |
| **Defendants** | |

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on October 18th, 2017, I have presented this document in Times New Roman, 14 point type, and that I have electronically filed the foregoing **DEFENDANTS FULTON COUNTY SHERIFF'S OFFICE'S AND THEODORE JACKSON'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the *pro se* Plaintiff listed below:

Bey Hardee<br>
964 Ralph D. Abernathy Blvd.<br>
Atlanta, Georgia 30310

This 18th day of October, 2017.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

*/s/ Jonathan Loegel*
Jonathan D. Loegel
Georgia State Bar No.: 755706
Jonathan.Loegel@fultoncountyga.gov

141 Pryor Street S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)